[No. 350-3.    Division Three.    March 19, 1971.]

BURLINGTON NORTHERN, INC., *Respondent,* v. R. DAVID BROWN *et al., Respondents,* GERDA BROWN, *Petitioner.*

*William J. Powell,* for petitioner.

*Woodrow L. Taylor* and *Hugh A. Dressel,* for respondents.

PER CURIAM.—Gerda Brown, petitioner, seeks to review by writ of certiorari a superior court decree of public use and necessity entered in an action by Burlington Northern, Inc. to condemn a permanent easement across a tract of land owned by petitioner. Respondent railroad company seeks the easement for the purpose of constructing a rail connection which would join the present main lines of the former Northern Pacific and Great Northern railroad companies west of Spokane.

■ Petitioner contends the trial court lacked jurisdiction to issue a decree of public use and necessity. This contention states there was no evidence admitted at the hearing proving a certificate of convenience and necessity had been issued to respondent by the Interstate Commerce Commission as required by 49 U.S.C. § 1(18) (1959). This issue is raised by petitioner for the first time on certiorari and cannot be considered. *Ledgering v. State,* 63 Wn.2d 94, 385 P.2d 522 (1963). We do note, however, the federal government, through the Interstate Commerce Act, has not preempted the prerogative of the sovereign states to establish procedures for the appropriation of private land to public-service use by railroads. Likewise, petitioner's failure to raise this issue at the trial court level cannot now be

considered as invalidating the finding of public use and necessity by the trial court.

Petitioner's second ground for review concerns: (1) an alleged failure by the trial court to hear evidence concerning the comparative effect of various alternate routes for the proposed rail connection upon the public prior to the issuance of the decree; and (2) that such evidence should be required as part of the condemnor's burden of proof in order to sustain a finding by the trial court that necessity and public interest are present. The record discloses the trial court granted petitioner an extended period of 2 months for the purpose of allowing her to compile controverting evidence to challenge the propriety of respondent's route selection; however, no evidence was forthcoming from petitioner at the end of that time. Consequently, we find no merit to this argument.

We also find no merit in petitioner's contentions relative to denial of equal protection or the failure of respondent to allege and prove its corporate existence during the condemnation action.

Judgment affirmed.